653 So.2d 27 (1995)
EMPLOYEES INSURANCE REPRESENTATIVES, INC.
v.
EMPLOYERS REINSURANCE CORPORATION.
No. 94 CA 0676.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Rehearing Denied May 2, 1995
*28 David M. LeFeve, Baton Rouge, for plaintiff-appellant.
Ronald A. Seale, Baton Rouge, for defendant-appellee.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Employees Insurance Representatives, Inc. (plaintiff), was sued by Bealine Service Company, Inc. (Bealine) in Texas.[1] Plaintiff thereafter made a claim for defense and indemnification under a policy of errors and omissions insurance provided by Employers Reinsurance Corporation (defendant). Defendant denied coverage pursuant to an exclusion for claims for failure to pay premiums.
Plaintiff thereafter filed this petition for damages and declaratory judgment alleging defendant was obligated but failed to provide defense and indemnification for the Texas litigation. The trial court bifurcated the issues and heard cross motions for summary judgment solely on the issues of coverage and the duty to defend. The court ruled in defendant's favor finding the policy excluded coverage. Plaintiff appeals, contending the allegations of the petition do not unambiguously exclude coverage, and, therefore, defendant owes a duty to defend. Defendant contends the unambiguous, explicit language of the policy excludes any claim arising out of the failure to pay or return premiums.
The duty to defend is broader than an insurer's liability for damage claims. This duty is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969); Federal Ins. Co. v. St. Paul Fire & Marine Ins. Co., 93-1099, p. 4 (1st Cir. 6/24/94), 638 So.2d 1132, 1133. If, assuming all the allegations of the petition to be true, there would be (1) coverage under the policy and (2) liability to the plaintiff, the insurer must I defend the insured regardless of the outcome of the suit. Allegations in the petition are liberally interpreted in determining whether they set forth grounds which bring *29 the claims within the scope of the insurer's duty to defend the suit brought against the insured. Id. Even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. Duhon v. Nitrogen Pumping & Coiled Tubing Specialists, 611 So.2d 158 (La.App. 3d Cir.1992).
In reviewing whether the policy provides coverage to plaintiff, the court must examine the allegations made against plaintiff in Bealine's petition in the Texas litigation. The petition alleges, in part:
6.01 Upon information and belief, Plaintiff shows that Defendant, EMPLOYEES INSURANCE REPRESENTATIVES, INC., was negligent in returning the insurance premiums to Defendant and failed to remit payment to Plaintiff directly.
6.02 Upon information and belief, Defendant, EMPLOYEES INSURANCE REPRESENTATIVES, INC., negligently returned a portion of the unearned premiums to Defendant, WILLIAM AVEN, by directly issuing a check to him for payment.
6.03 Because of Defendant, EMPLOYEES INSURANCE REPRESENTATIVES, INC.'S negligence in failing to include Plaintiff's name as a payee on the check, Defendant, WILLIAM AVEN, endorsed the check and deposited the same into his own bank account.
6.04 The Defendants' negligence in failing to include Plaintiff's name as payee on the check was the proximate cause of Plaintiff's loss of unearned insurance premiums and damages resulting therefrom.
Defendant denies coverage based on Exclusion (f), which states the policy does not apply to "claims for commissions, taxes, or the failure to collect, pay or return premiums."
Accepting the allegations as true, this exclusion in the policy for claims for failure to return premiums does not unambiguously exclude coverage for the allegations made in the Texas litigation. Plaintiff admits it returned a portion of the premium to William Aven, its agent, who allegedly converted the funds to his own use. The Texas litigation alleges that plaintiff was negligent in the method it returned the premium because it failed to include Bealine's name on the check, not that plaintiff failed to return Bealine's premium. These are delictual allegations brought against the plaintiff for damages due to its negligence. Gulf Coast Bldg. Systems v. United American Surety Co., 614 So.2d 1360 (La.App. 3d Cir.), writs denied, 617 So.2d 933, 934 (La.1993).
The language of the exclusion does not exclude coverage for all claims which arise out of failure to pay or the negligent return of premiums. The language excludes coverage only for "claims for ... failure to pay premiums." In issues of coverage, policies must be given a narrow construction, rather than a broad interpretation. Exclusions must be narrowly construed, and any ambiguity should be construed in favor of coverage. The allegations in the Texas litigation do not unambiguously exclude coverage. The trial court committed error in finding the policy provided no coverage under any allegation in the Bealine petition.[2]
In brief, defendant contends only that Exclusion (f) precludes coverage and therefore it has no duty to defend. It does not contest that the policy requires it to defend or indemnify plaintiff for covered claims. We reverse the trial court on the issue of coverage and find defendant has a duty to defend or indemnify plaintiff in the Texas litigation. This matter is remanded to the trial court for further proceedings in accordance with the law. Costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.
NOTES
[1] This suit is hereinafter referred to as "the Texas litigation." It arose after Bealine, attempting to obtain liability insurance for commercial vehicles, experienced numerous problems with a Houston insurance brokerage firm and its agent.
[2] Plaintiff does not contend the policy provides coverage for every allegation in the Bealine petition.