685 So.2d 1162 (1996)
Sheila SANDERFORD and H. Britton Sanderford, Jr.
v.
Christine LOMBARD, John Menendez, Firemen's Fund Insurance Company, XYZ Insurance Company, Allstate Insurance Company and Axonn, Inc.
No. 96-CA-1171.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1996.
*1164 George Pivach, II, Jefferson D. Honeywell, Mark J. Boudreau, Pivach & Pivach, L.L.C., Belle Chasse, for Plaintiff/Appellees.
Glenn B. Adams, Dan Richard Dorsey, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for Defendant/Appellant (Allstate Insurance Company).
Before CIACCIO, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
This case arises from an automobile accident that occurred on October 7, 1988. The automobile driven by Sheila Sanderford and owned by Axonn, Inc. was struck from the rear by an automobile owned by John Menendez and driven by Christine Lombard. Sheila and H. Britton Sanderford subsequently filed suit against Lombard; her liability insurer, Fireman's Fund; and Axxon's uninsured motorist carrier, Allstate Insurance Company (Allstate) for personal injuries sustained as a result of the accident. In an amended and supplemental petition for damages, the Sanderfords sued Allstate for handling their claim in an arbitrary and capricious manner and prayed for penalties and attorneys fees.
The trial court granted summary judgment on the issue of liability. At trial, it was stipulated that the plaintiffs had exhausted the underlying policy limits ($19,000.00) of the Fireman's Fund policy. It was further stipulated that Allstate had tendered $5,00.00 in medical payments to Sheila Sanderford and that Allstate was entitled to a credit of $24,000.00 from any and all damages awarded to the Sanderfords.
After a trial on the merits was held on the issue of damages and the arbitrary and capricious claim asserted against Allstate, the jury found for the plaintiffs. They awarded Mrs. Sanderford $105,000.00 for general damages and $30,000.00 for past and future medical expenses and awarded Mr. *1165 Sanderford $10,000.00 for his loss of consortium. The jury also found that Allstate had handled the claim in an arbitrary and capricious manner. The Court awarded attorney's fees of $35,670.45, penalties of $15,000.00, and court costs of $5,971.39.
Allstate asserts that:
(1) The jury verdict finding that Allstate handled the Sanderford's claim in an arbitrary and capricious manner is contrary to the weight of the evidence and the law;
(2) The damages awarded the Sanderfords were excessive; and
(3) The trial court erred in awarding $5,971.39 in court costs.
Plaintiffs also asserted several errors. However, because their answer was not timely filed, their assignments of error are not properly before this Court and will not be addressed.

DISCUSSION
The standard of review of factual findings is manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse a fact finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding, and must further determine that the record establishes that the record is clearly wrong. Stobart v. Dept. of Transportation and Development, 617 So.2d 880 (La.1993). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
ASSIGNMENT OF ERROR NO. 1
Allstate asserts that the evidence was insufficient to prove they were arbitrary and capricious in their handling of the Sanderfords' claim. Allstate was Axxon's uninsured motorist carrier. At the time that the Sanderfords' claim arose, La.Rev.Stat. 22:658 stated that "[a]ll insurers issuing any type of contract ... shall pay the amount of any claim due any insured ... within sixty days after receipt of satisfactory proofs of loss from the insured."[1] Failure to make payment shall subject the insurer to penalty if the failure is found to be arbitrary, capricious, or without probable cause. La.Rev. Stat. 22:658(B)(1). A "satisfactory proof of loss" must be sufficient to fully apprise the insurer of the insurer's claim, Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983), i.e., (1) that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1089 (La.1985).
The Sanderfords made a demand for an unconditional tender to Allstate on or about May 14, 1990. Debbie Skorlich, the Allstate adjuster who evaluated the Sanderfords' claim, testified that it had been agreed that the Sanderfords were free from fault and that the policy limits of the owner and the operator of the vehicle at fault had been exhausted. She stated that because there was insufficient proof of the injuries that the Sanderfords alleged, she requested additional medical information. She admitted, however, that even after the information was received, Allstate did not respond to the Sanderfords' demand for an unconditional tender because Allstate was waiting for depositions to be completed in July.
After the depositions were completed on August 3, 1990, Allstate made a medical payment of $5,000.00 under the medical portion of the policy, not the uninsured motorist portion. Skorlich testified that Allstate never tendered any amount of payment under the underinsured portion of the policy.
Allstate argues that no unconditional tender was made because they questioned whether the bulging disc injury claimed by Mrs. Sanderford was causally related to the automobile accident or to a previous accident in 1986 in which she fell.[2] Skorlich stated *1166 that she had relied on Dr. Courtney Russo's medical records for this information, a doctor that Mrs. Sanderford had not seen in over two years.
Skorlich testified that she also based her decision on Dr. Robert Steiner's independent examination results. Dr. Steiner saw Mrs. Sanderford on August 28, 1990, twentytwo months after her accident and more than sixty days from the demand for unconditional tender. Whether or not refusal to pay benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the insurer at the time of its action. Scott v. Insurance Co. of North America, 485 So.2d 50, 52 (La.1986). Therefore, at the time Skorlich made the decision not to respond to the demand within the statutory time frame, she did not have Dr. Steiner's information to influence her decision.
Skorlich testified that the third reason she did not submit a tender was because the submitted information in Dr. Kenneth Adatto and Dr. Robert Lizana's medical reports did not support causality between the accident and Mrs. Sanderford's medical complaint. Skorlich admitted that Dr. Adatto conducted an MRI which indicated a soft tissue injury and that she had received medical documentation from Dr. Adatto that he found a disc bulge. She further testified that she felt the $19,000.00 paid to Mrs. Sanderford was just compensation without reviewing the quantum of any similar cases or discussing quantum with Allstate's attorney.
At the time the Sanderfords made an unconditional demand on Allstate, Allstate possessed uncontradicted medical evidence that Mrs. Sanderford had suffered either a ruptured disc or a sprained back as a result of the automobile accident. If the first three elements of the Hart test are met and the insured has shown that the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due. McDill v. Utica Mut. Ins. Co., 475 So.2d at 1092.
We find no error in the jury's finding that Allstate was capricious and arbitrary in not making an unconditional tender of a reasonable amount to the Sanderfords within the statutory timelines.
Allstate argues, in the alternative, that if this Court upholds the jury's finding, then this Court should find that (1) the attorney's fees awarded by the trial court are excessive and should be reduced, (2) the amount of the penalties awarded does not comply with La.Rev.Stat. 22:658, and (3) legal interest on the penalties and attorney's fees should accrue from the date of the judgment and not the date of judicial demand.
The trial court has much discretion in fixing the award of attorney's fees and this award will not be modified on appeal absent an abuse of discretion. Gulf Wide Towing, Inc. v. F.E. Wright, Ltd., 554 So.2d 1347 (La.App. 1st Cir.1989). The proper standard for assessing attorney's fees under La. Rev. Stat. 9:658 should be based on the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, and the amount in controversy. Shepard v. State Farm Mut. Auto. Ins., 545 So.2d 624, 631 (La.App. 4th Cir.1989), writ denied, 550 So.2d 628 (La.1989). In fact, where attorney fees awarded are the result of arbitrary nonpayment of benefits, some courts have held that the value of the attorney's fees need not be proven because of the penal nature of the award. Id., citing Mader v. Babineaux, 526 So.2d 505 (La.App. 3d Cir.1988). A review of the record, and the fact the trial court reduced the dollar amount of the submitted invoices by twelve and onehalf (12 1/2%) percent to account for any billing entry errors, convinces this Court that the award for attorney fees should not be disturbed.
Allstate asserts that the $15,000.00 penalty award is not supported by La.Rev. Stat. 22:658 which allows for a penalty of ten (10%) percent of the difference between the amount paid or tendered and the amount found to be due. The total amount of the loss was $145,000.00 less the amount paid, $24,000.00, which equals $121,000.00. The penalty should have been $12,100.00 instead *1167 of $15,000.00. Plaintiff suggests that the trial court included court costs when computing the amount of the penalty. However, this Court finds no authority to include court costs in the amount of total loss when calculating the penalty. We amend the amount of the penalty to $12,100.00.
Allstate argues that interest on the penalties and the attorneys fees accrue from date of judgment and relies on Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978) for that proposition. Alexander held that interest on attorney fees awarded in a redhibition action did not run until the date they were awarded by the court because the amount was not ascertainable until that point. However, Alexander involved a redhibition case which is distinguishable from the facts of this case.
Other circuits have applied the Alexander reasoning to the interest awarded on attorney fees under La.Rev.Stat. 22:658 and have held that interest runs from the date of the judgment. See Gulf Wide Towing, Inc. v. F.E. Wright, Inc, 554 So.2d 1347; Francis v. Travelers Ins. Co., 581 So.2d 1036 (La. App. 1st Cir.1991), writs denied, 588 So.2d 1114, 1121 (La.1991); Williams v. Louisiana Indemnity Co., 26,887 (La.App.2d Cir. 6/21/95), 658 So.2d 739, 744; Hidalgo v. Old Hickory Ins. Co., 630 So.2d 252 (La.App. 5th Cir.1993), writs denied, 635 So.2d 240 (La. 1994).
This Circuit has held otherwise. In Daney v. Haynes, 630 So.2d 949, 955 (La.App. 4th Cir.1993), this Court held that when proof of a claim is received prior to the time a lawsuit is filed, legal interest on attorney fees and penalties should begin from the date of judicial demand. In the case at hand, the suit commenced on October 4, 1989. The Sanderfords made a demand for an unconditional tender with proof of the claim to Allstate on or about May 14, 1990. Under La.Rev.Stat. 22:658, an unconditional tender was due within sixty days, on or about July 14, 1989. Subsequent to that date, on September 21, 1990, the Sanderfords filed a Supplemental and Amended Petition for Damages in which they asked for attorney fees and penalties. Accordingly, interest on attorney fees are to run from September 21, 1990, the date of the judicial demand filed after the proof of the claim had been received by Allstate.
ASSIGNMENT OF ERROR NO. 2
Allstate argues that the general damage award to Mrs. Sanderford is excessive and contrary to the weight of the evidence. The discretion given to the trial court in awarding damages is great and should not be disturbed upon appeal unless it is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, sub nom, Maritime Overseas Corp. v. Youn, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
At trial, there was conflicting evidence presented as to the extent of Mrs. Sanderford's injury. However, where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Watson v. State Farm Fire and Casualty Ins. Co., 469 So.2d 967 (La.1985). A review of the testimony at trial reveals no manifest error in the jury's award.
Allstate argues that the loss of consortium award made to Mr. Sanderford was erroneous because he testified that he did not know if his sex life had changed because of his wife's injuries and he does not love her any less for her injuries. A cause of action for loss of consortium arises when the injured party's condition deteriorates to such an extent that her spouse is actually deprived of her consortium, service, and society. Delphen v. DOTD, 94-1261 (La.App. 4th Cir. 5/24/95), 657 So.2d 328, writs denied, 95-2116, 95-2124 (La.11/17/95), 663 So.2d 716, 717. Mr. Sanderford testified at trial that Mrs. Sanderford is not as playful as before the accident; she is bitter and angry. She frequently has days of pain which causes her to be angry and irritable to him and her children. He stated that their sex life has been affected because his wife is often tired, in pain, or sedated. This accident occurred in the first year of the Sanderfords' marriage and clearly has had a negative impact on *1168 their lives as husband and wife. We find no error in the award made to Mr. Sanderford.
Allstate asserts that the future medical award is erroneous because it is not supported by the record. Mrs. Sanderford was awarded $30,000.00 for past and future medical. She had introduced into evidence medical expenses totaling about $15,000.00, leaving the remainder of the award to cover future medical expenses.
The plaintiff must prove that future medical expenses will be incurred, even though the costs cannot be fixed with precision. Crowther v. Kmart Corp., 568 So.2d 669 (La.App. 4th Cir.1990), writ denied, 571 So.2d 656 (La.1990). Future medical expenses must be established with some degree of certainty and be supported with medical testimony and estimation of probable costs. Smith v. Two R Drilling Co., Inc., 606 So.2d 804, 811 (La.App. 4th Cir.1992), writ denied, 607 So.2d 560 (La.1992). The trier of fact is vested with much discretion and, absent an abuse of that discretion, the award will not be disturbed upon review. Id. citing Arceneaux v. Domingue, supra.
Dr. Adatto testified that patients with injuries such as Mrs. Sanderford require surgery to alleviate pain about twenty (20%) percent of the time. He stated that currently Mrs. Sanderford is managing her pain but "one day the pain may get significant enough, she says I just can't do it anymore, and we'll fix it then." He estimated the cost of surgery would be about $15,000.00. This testimony is insufficient to prove, and a twenty (20%) percent likelihood of surgery does not establish with any degree of certainty, that Mrs. Sanderford will incur surgical expense.
There was testimony from Dr. Adatto that he could continue to see Mrs. Sanderford as infrequently as every few years or as often as two or three times a year if necessary at a cost of about $50.00 per visit. This was the only testimony that sufficiently established future medical expenses. If Mrs. Sanderford saw Dr. Adatto three times a year for the next forty years, the most the jury could have awarded her was $6,000.00 for the visits plus expenses for future medication to assist in controlling her pain. We find that the jury's award of $15,000.00 is not supported by the record and reduce the award to $10,000.00
ASSIGNMENT OF ERROR NO. 3
Allstate contends that the trial court erred in awarding $5,971.39 in court costs. The trial court has great discretion in assigning costs and an award will not be reversed unless there is an abuse of discretion. DAngelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4th Cir.1981), writ denied, 407 So.2d 748 (La.1981). La.Rev. Stat. 13:4533 states that "[t]he costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
Allstate argues that the transcript costs of the depositions of John Menendez, Christine Lombard, Sheila Sanderford, and Debbie Skorlich were used for discovery only and should not be taxed as "costs." A deposition that is not used at a trial should not be taxed as a cost. Moran v. Harris, 93-2227 (La.App. 1st Cir. 11/10/94), 645 So.2d 1248. However, these transcripts were submitted with the plaintiffs' Motion for Summary Judgment on the issue of liability on which the Sanderfords prevailed. Because the depositions were used "on the trial," we find no error in the trial court's award. See Riddle v. Louisiana Power and Light Co., 94-1386 (La.App. 1st Cir. 4/7/95), 654 So. 698, 703, writ denied, 95-1599 (La.9/29/95), 660 So.2d 871 (depositions used in a prevailing summary judgment can be taxed as costs).
Allstate contends that the trial court award for expert fees is excessive. An award of expert fees shall not be overturned absent an abuse of discretion. D'Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262. Allstate submitted nothing to refute the affixed fees except their opinion as to the value of each doctor's time. We find no abuse and affirm the award.
Last, Allstate argues that costs for copying trial exhibits should not be included as a "true" court cost but gives no authority to support this position. The trial court has discretion in awarding exhibit costs. Murphy v. Boeing Petroleum Services, Inc., 600 *1169 So.2d 823 (La.App. 3d Cir.1992). We find no abuse in the trial court's award and affirm.
For the above reasons, we amend the judgment as follows: the award for future medical is reduced from $15,000 to $10,000.00; the penalty is reduced from $15,000.00 to $12,100.00; and interest for the penalty and attorney fees is to accrue from September 21, 1990. We affirm the award of general damages in the amount of $105,000.00; the loss of consortium award of $10,000.00; attorney fees of $35,670.45; and court costs of $5,971.39.
AFFIRMED AS AMENDED
NOTES
[1] La.Rev.Stat.22:658 was rewritten to shorten the amount of time a claim arising after midnight, December 31, 1989, must be paid from sixty days to thirty days.
[2] Allstate, in its brief, refers to the medical records of Dr. John Finnan as further evidence that Mrs. Sanderford had lower back pain prior to the accident. However, Dr. Finnan did not testify and his records were not submitted into evidence.