1McKAY, Judge..
At issue in this personal injury action is whether the trial court erred in finding that the defendant was liable for the plaintiffs accident and also whether the trial court’s award of damages was excessive. We affirm.
FACTS AND PROCEDURAL HISTORY
In June of 1995, the defendant, Paul Weingarden, purchased a double home located at 520 South Jefferson Davis Parkway at a sheriffs sale. The plaintiff, Ted-die Griffin, and his family resided in one-half of the double at the time Mr. Wein-garden purchased the property. Mr. Griffin and his family continued to reside in the double until sometime after November 19, 1996. The property was not in the best condition at the time that Mr. Wein-garden purchased it and no major repairs were undertaken while the Griffins resided there.[1]
On November 19, 1996, Mr. Griffin alleges that he partially fell through the floor in his bedroom when a portion of the floor gave way. Later that day, Mr. Griffin went to Charity Hospital for treatment for back and leg pain. Two days later, Mr. Griffin went to the office of Dr. Norman Ott, a specialist in internal | ^medicine, for additional treatment. Mr. Griffin also reported to Dr. Ott that he had a history of previous back problems which had been treated at Charity. Dr. Ott prescribed a course of conservative treatment for Mr. Griffin. When Mr. Griffin’s symptoms failed to resolve with conservative treatment, Dr. Ott sent him for an MRI whfch revealed a ruptured disc at the L-4/5 level. Dr. Charles Aprill, the radiologist who oversaw the MRI, interpreted the MRI as showing both degenerative disc disease as well as a ruptured disc of more recent origin. Mr. Griffin’s medical records were also examined by Dr. Kenneth Vogel an orthopedic surgeon. Dr. Vogel concurred with the opinion that the ruptured disc was of relatively recent origin and recommended an interbody caged fusion.
Shortly after the accident, the Griffins reported Mr. Griffin’s injury to Mr. Wein-garden and informed him that they wanted to make a claim with his homeowner’s insurance company. Mr. Weingarden responded by initiating eviction procedures against the Griffins. It is unclear whether the Griffins were evicted or merely left the residence. In any event, several months after the accident the Griffins were no longer residing in the residence. In the meantime, Mr. Griffin made a claim against Mr. Weingarden’s insurance policy and ultimately filed suit against Mr. Wein-garden and his insurance company.
*310 At trial, the plaintiff testified that the floor gave way and he fell through a hole “up to (his) groin.” The plaintiff also offered the testimony of his wife, his medical records, photographs which showed a hole in the floor, as well as expert testimony. The plaintiffs expert, Mr. Ascani, testified that there were several ^attempts to schedule an inspection of the property and that, after the third attempt, the plaintiff was informed that an inspection would be useless because the floor had been repaired. However, based on the photographs, Mr. Ascani testified that the floor was “in deplorable condition” and “dangerous to walk on” because of the holes and obvious water damage. Mr. Ascani also noted that the floor was of tongue and groove construction and explained that when water leaks onto a wood floor of this type, it will run along the grooves wetting th% floor for some distance around the point of the leak and the water will generally collect at certain points in the floor which will remain wet and eventually rot.
The defendant contends that the plaintiff was lying and that no accident even occurred. The defendant’s contention is based on the fact that it does not appear possible that the plaintiffs knee would have fit through the hole shown in the photographs.
The trial court agreed with the defendant that the plaintiffs knee could not have passed through the hole. However, the trial court did not believe that the plaintiffs accident was a complete fabrication. Based on the testimony, the plaintiffs medical evidence, and the absence of the floor board, the trial court found that a defect in the property caused the plaintiffs injuries and awarded him $100,000.00 for past and future pain and suffering, $5,000.00 for past lost wages, $8,851.30 for past medical expenses, in addition to court costs and interest from the date of judicial demand.
STANDARD OF REVIEW
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart at 883. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. at 882. The reviewing court may not disturb reasonable evaluations of credibility and reasonable inferences of fact when viewed in light of the record in its entirety even though it feels its evaluations are more reasonable. Id.
In the instant case, the trial court found that a portion of the floor gave way, causing Mr. Griffin to fall and injure himself.[2] In reaching this conclusion, the court carefully weighed the evidence before it. The court heard testimony from the plaintiff, the defendant, as well as their respective experts. The court viewed photographs of the hole in the floor. However, the court was unable to examine the floorboard because it had been discarded by the defendant.[3] Accordingly, the trial court pursuant to Louisiana law presumed that such evidence would be unfavorable to the defendant. Williams v. Golden, 95-2712 (La.App. 4 Cir. 7/23/97) 699 So.2d 102, 108; Boh Brothers Construction, Inc. v. Luber-Finer, Inc., 612 So.2d 270 (La. App. 4 Cir.1992), writ denied, 614 So.2d 1256 (La.1993); Wilson v. U.S. Fire and Casualty Company, 593 So.2d 695 (La.App. 4 Cir.1991), writ denied, 597 So.2d 1037 (La.1992). Based on this evidence, *311 the trial court’s findings of fact were neither clearly wrong nor manifestly erroneous.
LIABILITY
The next question before this Court is whether the trial court erred in finding that Mr. Weingarden is liable for Mr. Griffin’s injuries. Louisiana Civil Code Article 2317.1 in pertinent part provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Further, Louisiana Civil Code Article 2322 provides:
The owner of a building is answerable for the damage caused by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
In the instant case, the property was not in the best condition when it was purchased by Mr. Weingarden. Mr. Weingar-den had been to the property numerous times. He had gone to collect the rent and had also personally made some minor repairs. One of these repairs involved putting a piece of plywood over a portion of the floor in order to provide some sort of walking surface. Mr. Weingarden also admitted that there were holes in the ceiling that had been caused | fiby “previous” water damage. Clearly Mr. Weingarden knew or should have known that potentially dangerous defects existed in the property.
DAMAGES
The defendant contends that the trial court’s award of damages is excessive and entirely unsupported by the evidence. As stated above, the trial court awarded the plaintiff $100,000.00 for past and future pain and suffering (general damages). It is only when the award [of general damages] is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-61 (La.1993). In the instant case, Mr. Griffin suffered a ruptured disc at the L4-L5 level and surgery has been recommended. In Sanderford v. Lombard, 96-1171 (La.App. 4 Cir. 12/11/96) 685 So.2d 1162, our Court affirmed an award of $105,000.00 for an unoperated ruptured disc. Clearly the general damage award of $100,000.00 in the instant case is reasonable.
The defendant also avers that the trial court’s award of $5,000.00 for past lost wages was excessive. This award was based on the plaintiffs testimony that he earned $65.00 per event while working at the Superdome and that he missed work due to his injury. The plaintiff estimated that he had lost approximately $5,000.00 in wages. Based on the record before us, we cannot find that the trial court’s award of $5,000 for past lost wages was manifestly erroneous.
| .CONCLUSION
For the foregoing reasons, we find that the trial court’s judgment was neither clearly wrong nor manifestly erroneous. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Some renovations were made in the other half of the double.

. Although the trial court did not believe the accident occurred exactly as the plaintiff maintained, the court did find that an accident had indeed occurred.

. The board was discarded after the defendant was already aware that the plaintiff was making a claim for his injury.