DENNIS R. BAGNERIS, SR., Judge.
| Continental Casualty Company appeals the judgement of the 34th Judicial District arguing that the district court ignored this Court’s instruction when we remanded this case in October 2007. The judgment of the 34th Judicial District resulted in the granting of a motion for summary judgment in favor of Tate & Lyle North American Sugars, Inc., casting judgment against Continental Casualty in the amount of $359,925.21 and settling with 15 plaintiffs. For the reasons set forth below, we affirm the April 15 and April 29, 2009, judgments of the district court.
The lengthy factual and procedural history of this case can be found in Arceneaux v. Amstar Corp., 2006-1592 (La.App. 4 Cir. 10/31/07), 969 So.2d 755. In that opinion we decreed that:
For the foregoing reasons, the following findings of the trial court are reversed: (1) the extension of Continental’s waiver to the claims of the post-denial plaintiffs; (2) the finding that the 2003 amendment to La. R.S. 22:658 applies in this case; and (3) the award of La. R.S. 22:658 penalties on the settlement awards. The judgment of the trial court is ^modified in the following two respects: (1) the amount on which the La. R.S. 22:658 penalty award on the defense costs is calculated is modified to exclude $46,790.05 in defense costs that were paid within thirty days of the tender, and (2) the award of interest on the 2005 settlement awards is modified to provide that interest is due on such awards only from the date on which Tate & Lyle made payment of such awards. This case is remanded to the trial court for two reasons: (1) for a determination of whether the fifteen plaintiffs identified earlier in this opinion satisfied the settlement criteria; and (2) for a recalculation of the amounts due consistent with the findings set forth herein. In all other respects, the judgment of the trial court is affirmed.
Id. at 785-786.
Now, Continental Casualty Company presents this Court with the following four assignments of error: (1) the trial court erred in holding Continental liable to indemnify Tate & Lyle for the full amount of *953 the post-denial claims without regard to the provisions of Continental’s policies; (2) the trial court erred in holding Continental liable to indemnify Tate & Lyle for the payments made for the claims of George Burns, Jack Duplessis, Dario Duran, Lionel Hart, Rodney Hart, Harry Henley, Eric Hills, Sandear McFarland, Glenn Salvant, Frederick Ross, Norris Babin and Albert Duplessis, which Tate & Lyle was not legally obligated to pay; (3) the trial court erred in awarding $359,925.61 in attorney’s fees to Tate & Lyle under La. R.S. 22:658; and (4) the trial court erred in assessing prejudgment interest from the date of judicial demand with respect to the attorneys’ fees awarded against Continental under La. R.S. 22:658.
After this Court remanded the case in October 2007, there remained three issues for resolution by the district court: (1) are the claims asserted against Tate & Lyle by the post-denial plaintiffs covered by continental policies, if so, to what extent; (2) is Continental obliged to indemnify Tate & Lyle for the settlements paid in connection with the fifteen plaintiffs who, according to Continental, do not satisfy the settlement criteria; and (3) what are reasonable attorney fees owed by Continental as part of the bad faith penalty to be imposed. In summary, ^Continental is asking this Court to review the granting of the cross motion for summary judgment in favor of Tate & Lyle and the denial of Continental’s motion for summary judgement.
The standard for reviewing the trial court’s grant or denial of a Motion for Summary Judgment requires de novo review. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings & Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993).
Further, the court must assume that all of the affiants are credible. Inasmuch as summary judgments deprive the litigants of the chance to present their case to a jury, they should only be granted when the evidence shows that there is no genuine issue of material fact in dispute. King v. Career Training Specialists, Inc. 35,050 (La.App. 2 Cir. 9/26/01), 795 So.2d 1223. A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the pertinent theory of recovery. Even though summary judgment is now favored it is not a substitute for trial on the merits in a retaliatory discharge case because it is often inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of the testimony. Chivleatto v. Sportsman’s Cove, Inc., 05-136, p. 6 (La.App. 5 Cir. 6/28/05), 907 So.2d 815, 819. King v. Dialysis Clinic Inc. 2004-2116 (La.App. 4 Cir. 1/4/06) 923 So.2d 177, 180-181.
The district court reasoned that Continental’s coverage defenses are based, in part, on the clause in the policy referred to as the employee exclusion according to the reservation for rights and disclaimer of June 6, 2003. However, it was | determined at trial that no such exclusions existed during the period of time in question; 1963 to 1978. This Court established the duty to defend in Johnson v. Misirci 2006-1136 (La.App. 4 Cir. 3/28/07) 955 So.2d 715, 718-719, whereby we concluded that:
“An insurer’s duty to defend lawsuits against its insured is broader than its liability for damage claims.” Mossy Motors, Inc. v. Cameras America, 04-0726, p. 6 (La.App. 4 Cir. 3/2/05), 898 So.2d 602, 606. This Court enumerated the insurer’s duty to defend as follows: A liability insurer’s duty to defend and *954 the scope of its coverage are separate and distinct issues. Dennis v. Finish Line, Inc., 93-0638 (La.App. 1 Cir. 3/11/94), 636 So.2d 944, 946. It is likewise well-recognized that the obligation of a liability insurer to defend suits against its insured is generally broader than its obligation to provide coverage for damages claims. Steptore v. Masco Construction Co., Inc., 93-2064, p. 8 (La.8/18/94), 643 So.2d 1213, 1218. The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the “eight-corners rule,” under which an insurer must look to the “four corners” of the plaintiffs petition and the “four corners” of its policy to determine whether it owes that duty. Vaughn v. Franklin, 00-0291, p. 5 (La.App. 1 Cir. 3/28/01), 785 So.2d 79, 84. Under this analysis, the factual allegations of the plaintiffs petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. Id. In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. Id. Similarly, even though a plaintiffs petition may allege numerous claims for which coverage is excluded under an insurer’s policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. Employees Ins. Representatives, Inc. v. Employers Reinsurance Corp., 94-0676, p. 3 (La.App. 1 Cir. 3/3/95), 653 So.2d 27, 29.
Generally, an insurer’s duty to defend lawsuits against its insured is broader than its liability for damage claims. The duty to defend is determined by the allegations of the plaintiffs petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Yount v. Maisano, 627 So.2d 148 (La.1993); Matheny v. Ludwig, 32,288 (La.App. 2 Cir. 9/22/99), 742 So.2d 1029. Thus, assuming all the allegations of the petition to be true, if there would be both coverage under the policy and liability to the plaintiff, the insurer must defend the lawsuit regardless of its outcome. Yount, supra; Matheny, supra. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213; Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App. 2 Cir. 3/31/99), 731 So.2d 482. Id., 04-0726, pp. 5-7, 898 So.2d at 606-07. This Court examines the “four corners of the plaintiffs petition and the four corners” of the insurance policy to determine if a duty to defend exists based on the “eight-corners rule.” Grimaldi Mech., L.L.C. v. Gray Ins. Co., 05-0695, p. 8 (La.App. 4 Cir. 6/2/06), 933 So.2d 887, 891. This requires a liberal interpretation of the factual allegations contained in the plaintiffs petition.
The district court determined that Continental grievously terminated their contractual duty to defend Tate & Lyle. In a very opinionated conclusion it determined that, “Continental’s breach of the duty to defend Tate & Lyle is so grievous, mean spirited and designed to cause financial harm to is [sic] insured Tate & Lyle, justice demands and it must fashion a remedy for the redress of that breach which is commensurate with the breach of the duty to defend under these particular set of facts.” We are of the opinion that there was no error in this finding.
Further, Continental argues that there are twelve plaintiffs who failed to satisfy *955 the 20dB hearing loss requirement[1] and that an additional two plaintiffs[2] did not meet the ten years of employment requirement.
La. Code of Civil Procedure art. 966, Motion for summary judgment; procedure, reads in pertinent part that “[t]he judgment sought shall be rendered forthwith if the 16pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”.
The record reveals that the ten plaintiffs in question provided the trial court with audiogram results exhibiting hearing loss. Although Continental argued that those results should not have been used because of the type of audio-gram testing and the time elapse from previous testing, it offers no sound reasoning or authority to support its argument. As to the additional plaintiffs, the record also provided proof of employment dates. The district court, in its Reasons for Judgment, focuses mainly on the breach of Continental’s duty to defend, the relation back theory, and analyzes the contradicting authority provided by each party in support of their summary judgment argument. However, the district court acknowledges that it “examined the claims of each party who have graciously presented a prolific stockpile or authorities for their relevant positions.” We interpret such language to exemplify that the district court made a thorough review of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits as required by La.Code of Civil Pro. art. 966 to corroborate its findings. Accordingly, Continental failed to meet its burden to defend against Tate & Lyle and we find no error in the granting of the motion for summary judgment in favor of Tate & Lyle.
Lastly, we review the award for attorney fees, prejudgment interest, and penalties. In this Court’s 2007 opinion Continental prevailed in arguing that the pre-existing version of La. R.S. 22:658 provided as follows:
Failure to make such payment within thirty days ... shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found |7to be due from the insurer to the insured ... together with all reasonable attorney fees for the prosecution and collection of such loss ...
At this time, Continental has paid Tate & Lyle a penalty comprising of 10% of the defense costs but nothing towards the attorney fees incurred by Tate & Lyle. In determining the appropriate award of attorney fees under Section 658, the District Court has “much discretion.” Sanderford v. Lombard, 96-1171 (La.App. 4 Cir. 12/11/96), 685 So.2d 1162, 1166. “The jury’s conclusions with regard to assessment of attorney fees under the statute governing payment of such claims is in part a factual determination and should not be disturbed absent a finding that is manifestly erroneous. Furthermore, where the attorney fees awarded are the result of arbitrary nonpayment of benefits, some courts have held that the value of the attorney’s fees need not be proven because the award is penal in nature.” Mader v. Babineaux, 526 So.2d 505 (La.App. 3rd Cir.1988); Shepard v. State Farm Mut. *956 Auto. Ins. Co. 545 So.2d 624, 631 (La.App. 4 Cir., 5/25/89).
The record reveals that Tate & Lyle, without Continental’s objection, provided the district court with invoices of its attorneys detailing the fees incurred as a result of this litigation. As of April 6, 2005, the legal fees incurred totaled $359.925.21. We find that the effort, substantial amount of time, coupled with discovery, and defense invested in this litigation is clearly reflected in the record. In light of the information in the record and the evidence presented at trial, we must be consistent with the district court. We find no error in the award for attorney fees in the amount of $359.925.21 in light of La. R.S. 22:658.
IsDecree
For the reasons set forth above, we affirm the judgment of the district court granting summary judgment to Tate & Lyle and denying summary judgment as to Continental.
AFFIRMED
BONIN, J., dissents with reasons.

. George Burns, Albert Duplessis, Jack Du-plessis, Dario Duran, Lionel Hart, Rodney Hart, Harry Henley, Eric Hills, Sandear McFarland, and Glenda Savant.

. Frederick Ross and Norris Babin.