| | | |
|---|---|---|
| **JOAO A. SILVA AND CAMILA DALAZAH** | * | **NO. 2023-C-0154** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **BOH BROS. CONSTRUCTION CO., L.L.C., ET AL.** | * | **FOURTH CIRCUIT** |
| | | **STATE OF LOUISIANA** |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0674, DIVISION "DIVISION D"
Honorable Darren M Roy,
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)

Michael R. C. Riess
Robert E. Tschirn
M. Robert C. Riess, Jr.
1100 Poydras Street, Suite 1100
New Orleans, LA 70163

COUNSEL FOR BOH BROS. CONSTRUCTION CO., L.L.C./APPLICANT

Charles V. Giordano
Michael E. Escudier
Jairo F. Sanchez
Ryan D. Kelly
3501 N. Causeway Blvd., Suite 400
Metairie, LA 70002

COUNSEL FOR PROGRESSIVE PALOVERDE INSURANCE COMPANY/RESPONDENT

Patrick D. DeRouen
Doris A. Royce
William Q. Gurley, III
650 Poydras Street, Suite 1913
New Orleans, LA 70130

COUNSEL FOR MURPHY BELL, JR. d/b/a L&M BELL TRUCKING, INC./REPSONDENT

4899821

Michael C. Ginart, Jr.
Joyce D. Young
Nicholas N.S. Cusimano
John C. Ginart
Brandon Melerine
2114 Paris Road
Chalmette, LA 70043

COUNSEL FOR JOAO A. SILVA AND CAMILA
DALAZAH/RESPONDENTS

**WRIT DENIED IN PART AND GRANTED IN
PART; REVERSED IN PART
April 10, 2023**

4899821

Boh Bros. Construction, L.L.C. (herein "Boh Bros.") seeks review of the trial court's January 25, 2023 denial of its motion for summary judgment. For the following reasons, we deny the writ in part and grant the writ in part.

## FACTUAL AND PROCEDURAL HISTORY

This case arises from an automobile accident that occurred near a publicly bid construction project (herein the "Project") located in St. Bernard Parish. Boh Bros. is the general contractor for the Project. Boh Bros. subcontracted with L&M Trucking, Inc. (herein "L&M") to haul materials to and from the Project. The parties memorialized their agreement in a contract titled the Master Trucking Agreement. Per the terms of the contract, L&M was required to carry insurance and name Boh Bros. as an additional insured on its policy. L&M complied and listed Boh Bros. as an additional insured on its policy with Progressive Paloverde Insurance Company (herein "Progressive"). L&M subsequently entered into an oral agreement with Rodney's Trucking, LLC (herein "Rodney's Trucking") to perform certain hauling and trucking duties as a sub-trucking company.

1

On May 4, 2020, the Plaintiffs were allegedly rear-ended by Herbert Major, a driver for Rodney's Trucking, while he was allegedly operating a vehicle hired by L&M under its sub-trucking agreement. Plaintiffs filed suit on April 30, 2021, naming Boh Bros, L&M, Progressive, Rodney's Trucking, and Herbert Major as defendants.

Both Progressive and Boh Bros. filed motions for summary judgment. Progressive's motion sought a judgment finding that its policy did not provide coverage for the subject accident. Boh Bros. sought a judgment finding that (1) it could not be held liable for the accident, (2) Progressive has a duty to defend and indemnify it under the terms of the insurance policy, and (3) L&M has a duty to defend and indemnify it under the terms of the Master Trucking Agreement. The trial court heard the motions on January 18, 2023, and it issued a judgment denying both motions on January 25, 2023.

## DISCUSSION

It is well settled in the jurisprudence that appellate courts review a trial court's ruling on a motion for summary judgment under a *de novo* standard. *E.g. Mossy Motors, Inc. v. Cameras America*, 2004-0726, p. 3 (La. App. 4 Cir. 3/02/05), 898 So. 2d 602, 605 (quoting *Independent Fire Ins. Co. v. Sunbeam Corp.*, 1999-2181, 1999-2257, p. 7 (La. 2/29/00), 755 So. 2d 226, 230-31). When reviewing the trial court's ruling, the appellate court must apply the same criteria used by the trial court in reaching its conclusion. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363, pp. 3-4 (La. 11/29/06), 950 So. 2d 544, 547 (citing *Schroeder v. Board*

2

*of Supervisors of Louisiana State Univ.*, 591 So. 2d 342, 345 (La.1991)). The appellate court must look at the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits to determine whether a genuine issue as to material fact exists. *Id*., *see also Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La. App. 4 Cir. 11/10/15), 179 So. 3d 791, 793.

Boh Bros. specifically seeks review of the trial court ruling on (1) whether L&M has a duty to defend and indemnify it under their Master Trucking Agreement and (2) whether Progressive has a duty to defend and indemnify Boh Bros. under its policy of insurance. We will address each in turn.

***Did the trial court err in denying summary judgment on the issue of whether L&M has a duty to defend and indemnify Boh Bros. under the Master Trucking Agreement?***

First, Boh Bros. sought a summary judgment finding that L&M owed it a duty of defense and indemnity. Boh Bros. argued that under the terms of their contract L&M was obligated to defend and indemnify it from claims arising out of L&M's or any of L&M's subcontractors' negligence. Boh Bros. relies on the following language in the Master Trucking Agreement:

> **6.1. <u>Defense and Indemnity Obligation.</u>** To the fullest extent permitted by law, Trucking Company shall protect, defend, indemnify and hold harmless Contractor. . . from and against any claims, demands, liabilities, Damages, . . . arising out of or in connection with the Contract Documents or performance of the Trucking Services . . . . Additionally, this defense and indemnity obligation includes, but is not limited to, Indemnified Claims that are or may be caused in part by the negligence, acts or omissions of the Indemnified Parties or other third parties. In such case, Trucking Company shall defend and indemnify the Indemnified Parties until such time that the fault of all

3

parties is ultimately determined by a court or arbitrator(s) in a final ruling, from which there is no right to appeal.[1]

At the time Boh Bros. filed its motion, neither Herbert Major nor Rodney's Trucking had been served with the lawsuit. L&M argued in its opposition that summary judgment was premature because those parties had yet to answer the suit and discovery had not taken place with those parties. Furthermore, Plaintiffs' opposition shows that there is a question as to whether Rodney's Trucking was an agent for Boh Bros, not L&M.

"*After an opportunity for adequate discovery*, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(3) (Emphasis added). Given that there are additional parties in the case who have yet to participate in discovery, we find that genuine issues remain and that the trial court did not err in denying summary judgment on this issue.

***Did the trial court err in denying summary judgment on the issue of whether Progressive has a duty to defend and indemnify Boh Bros. under its policy of insurance?***

Similar to above, Boh Bros. also sought a summary judgment finding that Progressive owed it a duty to defend and indemnify it as an additional insured. Unlike above, this issue involves a policy of insurance, not a general contract.

The interpretation of an insurance policy usually involves a legal question that can be resolved on summary judgment. *Choice Foundation v. Law Industries,*

---

[1] In its opposition, L&M objected to the introduction of the Master Trucking Agreement as it did not fall under the exclusive list of documents outlined under La. C.C.P. art. 966(A)(4). However, the Master Trucking Agreement was attached to L&M's deposition and authenticated in that deposition by Murphy Bell. Therefore, the contract is proper summary judgment evidence. *See State v. Poree*, 2022-0425, p. 5 (La. App. 4 Cir. 12/20/22), 355 So. 3d 1105, 1109 ("Only documents which are properly authenticated by an affidavit or deposition to which they are attached may be considered as supporting documentation on a motion for summary judgment.").

*LLC*, 2021-0431, p. 4 (La. App. 4 Cir. 3/02/22), 336 So. 3d 501, 504-05 (quoting

*Thebault v. Am. Home Assur. Co.*, 15-0800, p. 5 (La. App. 4 Cir. 4/20/16), 195 So.

3d 113, 116).

We succinctly described an insurer's duty to defend as follows:

> Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. *American Home Assur. Co. v. Czarniecki*, 255 La. 251, 230 So. 2d 253 (La. 1969). The insurer's duty to defend suits is determined by the allegations of the petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. *Id*. The allegations of the petition should be liberally construed in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit against its insured. *Id*. The duty to defend is not dependent upon the outcome of the suit. *Id*. *Also See Rando v. Top Notch Properties, L.L.C.*, 2003-1800, (La. App. 4 Cir. 6/2/04) 879 So. 2d 821.
>
> A liability insurer's duty to defend and the scope of its coverage are separate and distinct issues. *Dennis v. Finish Line, Inc.*, 93-0638 (La. App. 1 Cir. 3/11/94), 636 So. 2d 944, 946. . . . The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. *Vaughn v. Franklin*, 00-0291, p. 5 (La. App. 1 Cir. 3/28/01), 785 So. 2d 79, 84. Under this analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. *Id*. In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. *Id*. Similarly, even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. *Employees Ins. Representatives, Inc. v. Employers Reinsurance Corp.*, 94-0676, p. 3 (La. App. 1 Cir. 3/3/95), 653 So. 2d 27, 29.

*Mossy Motors, Inc.*, 2004-0726, pp. 5-6, 898 So. 2d at 606.

Given the above, Progressive has a duty to defend Boh Bros. if (1) Boh

Bros. is listed as an insured on its policy and (2) coverage under the policy is not

unambiguously excluded based on the allegations in the petition. The "Additional insured endorsement" page of Progressive's policy, which names Boh Bros. as an additional insured provides:

> The person or organization above is an insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said insured only as a person liable for the conduct of another insured and then only to the extent of that liability.

Boh Bros. is clearly an insured party under the contract. Under this language, Progressive must defend the Boh Bros. to the extent that Boh Bros. is liable for the actions of another insured, in this case, L&M. In their petition, Plaintiffs allege that Boh Bros. is liable for "[n]egligence imputed to [Boh Bros.] under the doctrine of respondeat superior for the negligent acts and/or omissions of its employees and/or those acting on [its] behalf." This allegation implicates Boh Bros. for the alleged actions of L&M. Furthermore, Progressive sought a summary judgment ruling that its policy did not provide coverage for the subject accident. The trial court denied that summary judgment motion. Therefore, given the above, coverage is not unambiguously excluded, thus triggering Progressive's duty to defend Boh Bros.

## DECREE

For the foregoing reasons, we grant Boh Bros.' writ application in part and reverse the trial court's judgment regarding the issue of whether Progressive owes Boh Bros. a duty of defense and indemnity. We deny the application regarding the issue of whether L&M owes Boh Bros. a duty of defense and indemnity.