# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

No. 15-20176

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Argent Securities Inc., Asset-Backed
Pass-Through Certificates, Series 2003-W10,

      Plaintiffs - Appellees

v.

ABE MOSS; D&Y INVESTMENTS, L.L.C.,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2441

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Ocwen Loan Servicing, L.L.C. and Deutsche Bank National Trust Company sued Abe Moss and D&Y Investments, L.L.C. The suit was a quiet title action to enforce a recorded security interest on property that Moss purchased at a tax foreclosure sale. Ocwen and Deutsche Bank claimed a violation of constitutional due process because they had not been given notice

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20176

of the tax foreclosure sale. The district court entered summary judgment for Ocwen and Deutsche Bank on the constitutional due process claim under *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983). Moss appealed.

In the appellate briefing, Moss presented arguments based only on Texas law. Moss never engaged the ruling of the district court. Consequently, we have before us no legal or factual challenge to the district court's opinion. *See American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998). At oral argument, counsel did suggest one possible defect in the district court's due process analysis. That argument was too late. An appellant abandons issues not argued in its initial brief on appeal. *See United Paperworks Int'l Union AFL-CIO, CLC v. Champion Int'l Corp.*, 908 F.2d 1252, 1255 (5th Cir. 1990).

AFFIRMED.