In Sporl v. Sporl , 00-1321, p. 2 (La. App. 5 Cir. 5/30/01), 788 So.2d 682, 683-84, the appellate court explained:
An interlocutory judgment determines "preliminary matters in the course of the action" and is generally non-appealable. La. Code Civ. P. arts. 1841 and 2083. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal. Bielkiewicz v. Ins. Co. of North America , 201 So.2d 130 (La. App. 3 Cir.1967).
The granting of the summary judgment is a final appealable judgment; thus, the denial of the motion to compel discovery is properly before this Court on appeal.
The Parish asserts the district court erred in denying the Council Members' motion to compel and quashing the notice to depose RSUI as discovery was incomplete. The Parish points to the lack of responses in the answer to interrogatories by RSUI; markedly, the lack of "substantive responses to interrogatories involving the underwriting process or drafting of the policy terms (footnotes omitted)." Additionally, the Parish contends that the Article 1442 deposition of RSUI was necessary to determine the history of drafting and application of the provisions relied on by RSUI to exclude coverage.
"In ruling upon discovery matters, the trial court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion." Channelside Servs., LLC v. Chrysochoos Grp., Inc. , 2015-0064, p. 8 (La. App. 4 Cir. 5/13/16), 194 So.3d 751, 756 (citing Sercovich v. Sercovich , 2011-1780, p. 5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603 ).
Louisiana Code of Civil Procedure Article 966A(3) provides that a summary judgment may be granted "[a]fter an opportunity for adequate discovery." However, in Orleans Par. Sch. Bd. v. Lexington Ins. Co. , 2012-1686, pp. 29-30 (La. App. 4 Cir. 6/5/13), 118 So.3d 1203, 1223, this Court held:
*1230 Construing Article 966, this court has held that "while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on motion for summary judgment until discovery is complete." Thomas v. North 40 Land Development, Inc. , 04-0610, p. 31 (La. App. 4 Cir. 1/26/05), 894 So.2d 1160, 1179 (quoting Butzman v. Louisiana Power and Light Co. , 96-2073, p. 4 (La. App. 4 Cir. 4/30/97), 694 So.2d 514, 517 ).... Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." Simoneaux v. E.I. du Pont de Nemours and Co. , 483 So.2d 908, 912-13 (La.1986).
This Court further espoused that "[w]hen the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent ( La. C.C. art. 2046 ); and additional discovery cannot change the result." Id. , 2012-1686, p. 30, 118 So.3d at 1223 (citations omitted.) Moreover, "[w]hether the policy unambiguously excludes coverage ... is solely a question of law to be decided from the four corners of the policy ...." Burmaster v. Plaquemines Par. Gov't , 2010-1543, p. 13 (La. App. 4 Cir. 3/30/11), 64 So.3d 312, 321 (citations omitted).
As will be discussed infra , the words of the RSUI policy were clear and explicit; thus, no further discovery was needed. Accordingly, we find the district court did not abuse its discretion by denying the Council Members' motion to compel and by granting RSUI's motion to quash the deposition and protective order.
Summary Judgment
The Parish asserts the district court erred in granting RSUI's motion for summary judgment.
"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by the litigant." Tate v. Touro Infirmary , 2017-0714, p. 1 (La. App. 4 Cir. 2/21/18), --- So.3d ----, ----, 2018 WL 992322, writ denied , 2018-0558 (La. 6/15/18), 245 So.3d 1027 (citing La. C.C.P. art. 966(A)(1) ).[16] An appellate court's standard of review for a grant of a summary judgment is de novo , and it employs the same criteria district courts consider when determining if a summary judgment is proper. Madere v. Collins , 2017-0723, p. 6 (La. App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147 (citing Kennedy v. Sheriff of E. Baton Rouge , 2005-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686 ). In Chanthasalo v. Deshotel , 2017-0521, p. 5 (La. App. 4 Cir. 12/27/17), 234 So.3d 1103, 1107 (quoting Ducote v. Boleware , 2015-0764, p. 6 (La. App. 4 Cir. 2/17/16), 216 So.3d 934, 939, writ denied , 2016-0636 (La. 5/20/16), 191 So.3d 1071 ), this Court explained:
This [de novo ] standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or *1231 determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
"Interpretation of an insurance policy usually involves a legal question that can be resolved properly within the framework of a motion for summary judgment." Thebault v. Am. Home Assur. Co. , 2015-0800, p. 5 (La. App. 4 Cir. 4/20/16), 195 So.3d 113, 116 (citing Bonin v. Westport Ins. Corp. , 2005-0886, p. 4 (La. 5/17/06), 930 So.2d 906, 910 ). In Burmaster , 2010-1543, p. 4, 64 So.3d at 316, (citation omitted), this Court explained that "[a]n insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code." The extent of coverage is determined by "[t]he parties' intent as reflected by the words in the policy," and "[s]uch intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co. , 630 So.2d 759, 763 (La. 1994) (citations omitted). Insurers can limit their liability absent a conflict with statutory provisions or public policy. Id. (citations omitted). The insurer has the burden of proving that a claimed loss falls within the policy exclusion. Supreme Servs. & Specialty Co. v. Sonny Greer, Inc. , 2006-1827, p. 6 (La. 5/22/07), 958 So.2d 634, 639 (citation omitted).
" 'Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims.' " Plaia v. Stewart Enterprises, Inc. , 2014-0159, p. 35 (La. App. 4 Cir. 10/26/16), 229 So.3d 480, 504 (quoting Mossy Motors, Inc. v. Cameras Am. , 2004-0726, pp. 5-7 (La. App. 4 Cir. 3/2/05), 898 So.2d 602 ).[17] In Plaia , this Court explained:
The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. Vaughn v. Franklin , 2000-0291, p. 5 (La. App. 1 Cir. 3/28/01), 785 So.2d 79, 84. Under this analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. Id. In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. Id. Similarly, even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. Employees Ins. Representatives, Inc. v. Employers Reinsurance Corp. , 94-0676, p. 3 (La. App. 1 Cir. 3/3/95), 653 So.2d 27, 29.
*1232 Id. This Court espoused in Holzenthal v. Sewerage & Water Bd. of New Orleans , 2006-0796, p. 49 (La. App. 4 Cir. 1/10/07), 950 So.2d 55, 84 (citing American Home Assur. Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (La. 1969) ), that "[a]n insurer must provide a defense to an insured if, assuming all of the allegations of the petition to be true, there would be both coverage under the policy and liability to the plaintiff."
With these precepts in mind, we review the district court's judgment de novo.
Breach of contract exclusion
The policy issued by RSUI to the SBPG explicitly excluded liability "under or pursuant to any contract or agreement." The Parish does not contest the policy excludes coverage for breach of contract claims. Rather, the Parish urges the breach of contract exclusion policy language-"such Insured would have been liable in the absence of such contract or agreement"-provides for a "but for" test to determine whether coverage is excluded. The Parish asserts there is indeed coverage for the Plaintiffs' negligent and non-contractual claims. The Parish explains that "the Parish allegedly owed an independent tort duty to Plaintiffs and allegedly breached that duty."[18] In support, the Parish cites Borden, Inc. v.Howard Trucking Co. , 454 So.2d 1081, 1096 (La. 1983), wherein the Supreme Court held that "[t]here is a general rule that a party can incur liability in tort, notwithstanding a contractual relationship between parties, for consequential damages ... where the act causing the damage constitutes both a breach of contract and legal fault."
RSUI counters that Plaintiffs fail to allege any negligence claims that are separate and distinct from the breach of contract claims. RSUI contends that the only factually plead tort claims in the petition are for defamation; and the assertion of "any and all other negligent and/or intentional acts" asserted by the Plaintiffs in the petition is merely a general allegation.[19] We agree.
In Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co. , 677 F.3d 250 (5th Cir. 2012), the United States Fifth Circuit discussed the "but for" test. The issue in Looney Ricks Kiss Architects, Inc. , was an interpretation of a breach of contract exclusion contained in pertinent insurance policies. The court, applying *1233 Louisiana law, noted Louisiana courts had not considered the issue of whether a breach of contract exclusion in an insurance policy precluded coverage of tort claims the insured had a contractual obligation not to commit. The plaintiff asserted the Louisiana cases of In re St. Louis Encephalitis Outbreak in Ouachita Parish , 01-4224 All Cases, 41,250-41, 259 (La. App. 2 Cir. 9/1/06), 939 So.2d 563 and Everett v. Philibert , 2008-2270 (La. App. 1 Cir. 5/8/09), 13 So.3d 616, supported application of the "but for" test. The court agreed and was of the opinion that Louisiana court's would likely adopt the "but for" test to determine whether a breach of contract exclusion precluded coverage. Id. at 257.[20] The court explained in this test, " 'the injury is only considered to have arisen out of the contractual breach if the injury would not have occurred but for the breach of contract.' " Looney Ricks Kiss Architects, Inc. , 677 F.3d at 256 (quoting Houbigant, Inc. v. Fed. Ins. Co. , 374 F.3d 192, 202 (3d Cir.2004) ).[21]
In In re St. Louis Encephalitis , 939 So.2d 563, the appellate court found the breach of contract exclusion in an insurance policy did not exclude the plaintiffs' tort claims. The Ouachita Parish police jury contracted with Mosquito Control, Inc. ("MCI") for mosquito control and/or abatement services. MCI was insured under two different commercial general liability policies during the pertinent time period. After an encephalitis outbreak, the plaintiffs, several citizens of Ouachita Parish who contracted encephalitis, brought a mass tort action against the Ouachita Parish Police Jury, MCI, and its liability insurers to recover for negligence and breach of contract. The insurers claimed that any duty owed to the plaintiffs originated in contract between MCI and the police jury; that absent the contract, no specific duty was owed the plaintiffs; and that any liability for damages necessarily arose out of failure to perform under that contract. Id. , 41,250-41,259, p. 4, 939 So.2d at 566. The appellate court rejected the insurers' arguments and agreed with the *1234 district court that the breach of contract exclusion did not apply. The court explained that the plaintiffs pled causes of action in both tort and contract and alleged a breach of duty owed to all persons which supported an action in tort. Id. , 41,250-41,259, p. 5, 939 So.2d at 567.
In contrast, the appellate court, in Everett , 13 So.3d 616, found a breach of contract exclusion precluded coverage.[22] The plaintiffs brought suit against a contractor for deficiencies in the construction of their residence. In addition to the breach of contract claims, the plaintiffs asserted claims for bodily injury and emotional distress. In affirming the district court's judgment, the appellate court held that for the plaintiffs to succeed under their tort theory, they must show that their negligence claims were separate and distinct and not arising from the breach of contract claim. Id. , 2008-2270, p. 5 (La. App. 1 Cir. 5/8/09), 13 So.3d at 620 (citing Dubin v. Dubin , 25,996 (La. App. 2 Cir. 8/17/94), 641 So.2d 1036, 1039-1040 ). The appellate court explained the tort claim "must arise from a duty other than one imposed by the contract." Id. , 2008-2270, p. 5 (La. App. 1 Cir. 5/8/09), 13 So.3d at 620. The appellate court rejected plaintiffs' assertion that the tort claims were separate from the breach of contract claim concluding that "[a]ll the tort claims alleged by the Everetts' stem from [the contractor's] contractual duty to properly and timely construct a residence [for the Everetts]. There is no showing of a breach of a general duty. The only allegations in the petition are for breaches of duty confected by contract." Id. , 2008-2270, p. 6, 13 So.3d at 620.
In the case sub judice , the facts are more comparable to the proposition espoused in Everett . The negligent and intentional torts alleged by Plaintiffs stem from the contract between ParaTech and the Parish. These alleged claims would not have occurred but for the breach of contract by the Parish, and the claims are not separate and distinct from the breach of contract.[23] Moreover, Plaintiffs have not shown the Parish breached any general duty owed to the public at large.[24] Thus, Plaintiffs' general allegation of "any and all other negligent and/or intentional acts" is excluded from coverage under the breach of contract exclusion.
*1235 Defamation, mental anguish, and emotional distress exclusions
Moreover, the Parish asserts RSUI failed to prove Plaintiffs' claims related to mental anguish, emotional distress, and defamation were excluded under the policy.[25] We disagree. Review of the policy provisions reveals that the policy expressly excluded coverage "for any actual or alleged libel, slander or defamation in any form," and damages for mental anguish and emotional distress damages.[26] Thus, Plaintiffs' general allegation of "any and all other negligent and/or intentional acts" is excluded from coverage under the defamation and mental anguish and emotional distress exclusions.
Accordingly, the district court did not err in granting RSUI's motion for summary judgment.[27]
CONCLUSION
The district's court judgment granting RSUI's motion for summary judgment is affirmed.
AFFIRMED
LEDET, CONCURRING WITH REASONS
On appeal, the St. Bernard Parish Government (the "SBPG") and four members of the St. Bernard Parish Council: Guy McInnis, Ray Lauga, Casey Hunnicutt, and Richard Lewis (the "Council Members") (collectively, the "Parish") contends that the trial court erred in two respects: (i) denying the Council Members' motion to compel discovery and request to depose RSUI Indemnity Company's ("RSUI"), and granting RSUI's motion to quash and protective order (the "Discovery Issue"); and (ii) granting RSUI's motion for summary judgment and dismissing all of the Plaintiffs' direct action claims against RSUI with prejudice (the "Coverage Issue").[1]
As to the Discovery Issue, I agree with the majority's finding that the trial court did not abuse its discretion.[2] No further discovery was necessary to resolve the insurance coverage issue in this case, which is a purely legal one. As to the Coverage Issue, I agree with the majority's findings that certain policy exclusions apply to relieve RSUI of its obligation to defend and to indemnity the Parish for the Plaintiffs'
*1236 claims; however, I write separately to articulate my analysis of the this issue.
To place the Coverage Issue in context, it is necessary to outline briefly the factual and procedural background of the case. Factually, RSUI issued two claims-made-and-reported officer and directors liability policies to the SBPG-one having a policy period of February 1, 2014, to February 1, 2015; the other, February 1, 2015, to February 1, 2016. Although the policy periods differ, the pertinent policy terms are the same. The instant suit, which falls within the 2015 to 2016 policy, is the Plaintiffs' third suit arising out of the same factual scenario-the termination of the contract for information technology ("IT") services between the SBPG and ParaTech, LLC ("ParaTech") (the "IT Contract"). The three suits are as follows:
• Suit One -filed: November 7, 2014; venue: 34th Judicial District Court, Parish of St. Bernard; plaintiff: ParaTech; and defendants: the SBPG and RSUI.
• Suit Two -filed: October 27, 2015; venue: 24th Judicial District Court, Parish of Jefferson; plaintiffs: ParaTech and its individual owners and members Richard Perniciaro, and Robert Cleveland; and defendants: the SBPG; RSUI; the Council Members; and the media defendants.[3]
• Suit Three (the instant suit)-filed: August 5, 2016; venue: 34th Judicial District Court, Parish of St. Bernard; plaintiffs: ParaTech, Mr. Perniciaro, and Mr. Cleveland; and defendants: the SBPG; RSUI; the Council Members; and the media defendants.[4]
Suit One and Suit Two are relevant to the instant suit only insofar as those suits form the basis of the timeliness issue raised by RSUI regarding the Parish's presentation of its insurance claim to RSUI, so as to trigger coverage under the 2015 to 2016 policy.[5] The majority pretermits the timeliness issue based on its finding that three policy exclusions, raised by RSUI in support of its motion for summary judgment, apply here. I agree and, thus, focus solely on the exclusions.
The three pertinent policy exclusions are as follows: (i) the defamation exclusion; (ii) the mental anguish or emotional distress exclusion; and (iii) the "breach-of-contract" exclusion. The application of the defamation and the mental anguish or emotional distress exclusions is straightforward. As the trial court noted in its oral reasons for judgment, "[t]he claim, for defamation, I think, is plain and simple. Everything that is a defamation claim, I think, is certainly excluded by the defamation exclusion. And all of the other claims of mental anguish are certainly excluded by the mental anguish, emotional distress exclusion." Because the correctness of the trial court's reasoning is not disputed, those two exclusions require no further analysis. The application of the "breach-of-contract" exclusion, on the other hand, is the crux of the instant appeal. Indeed, it subsumes all of the Parish's arguments.
The trial court, in its oral reasons for judgment, construed the "breach-of-contract"
*1237 exclusion as "all encompassing," reasoning as follows: "[a]ll the claims made by the plaintiff[s] ... had to do with the efforts of St. Bernard Parish Government to disassociate itself, terminate the contract, get away from, kick out of the building Mr. Perniciaro, his companies. It all has to do with that." On appeal, the Parish contends that the trial court erred in finding the "breach-of-contract" exclusion dispositive. The Parish's argument can be divided into the following three categories: (i) claims involving non-parties to the IT Contract; (ii) claims that are non-contractual in nature; and (iii) the "catch-all" claim in the Plaintiffs' petition. I separately address each category.
Claims Involving Non-Parties
As the majority points out, "[t]he Parish argues, in its reply brief, that the breach of contract exclusion does not apply to the Council Members, and Messrs. Perniciaro and Cleveland because they were not a party to the [IT] [C]ontract-just the SBPG and ParaTech." The majority pretermits this issue given that it was not raised in the trial court. I would address this issue.
This issue is resolved by the plain language of RSUI's policy setting forth the "breach-of-contract" exclusion; particularly, the policy provides that an insured loss excludes claims:
Alleging, arising out of, based upon or attributable to, in whole or in part, any liability under or pursuant to any contract or agreement, whether oral, written, express or implied, including the liability of others assumed by an Insured, unless such Insured would have been liable in the absence of such contract or agreement; provided, this EXCLUSION shall not apply to Defense Expenses in connection with an Employment Practices Claim[.]
Construing the same policy language, the federal district court in RSUI Indemnity Co. v. McDonough County Hospital d/b/a McDonough County Hospital District, and Women's Health Center of Macomb, S.C. , Labor & Empl. L. ¶ 221585 (C.C.H.) (U.S. District Court, C.D. Ill., September 28, 2017) (unpub. ), 2017 WL 4319117, rejected an insured's argument that the exclusion was only intended to apply to liability-producing contracts to which the insured, McDonough, was a party. In reaching this result, the district court reasoned that "the contract [exclusion], by its terms, applies to any claim based upon liability under any contract." Id. The district court further reasoned that "by the exclusion's terms, it does not matter who the parties to the contract are, and thus, whether or not the insured is a party to the liability-producing contract is not dispositive of whether the exclusion applies. The claim just has to be based on or attributable to a contract." Id.
Moreover, the district court in McDonough observed, as RSUI's counsel pointed out at oral argument before this court, that RSUI's policy exclusion, by its express terms, is actually a "contract" exclusion, not a "breach-of-contract" exclusion. Given the language of RSUI's contract exclusion does not restrict its scope to the parties to the liability-producing contract, the Parish's argument that the exclusion does not extend to non-parties to the IT Contract is unpersuasive.
Claims That Are Non-Contractual in Nature
The Parish's next argument is that the contract exclusion does not extend to non-contractual claims. The Parish cites the well-settled jurisprudential principle that the same act can give rise to both contractual and tort claims. See Borden, Inc. v. Howard Trucking Co. , 454 So.2d 1081, 1096 (La. 1983) (observing that "a party can incur liability in tort, notwithstanding a contractual relationship between parties, *1238 ... where the act causing the damage constitutes both a breach of contract and legal fault"). The Parish contends that the trial court erred in failing to recognize that this principle applies here. Nonetheless, the Parish acknowledges that the "but for" test, which the majority discusses in detail, determines the applicability of the "breach-of-contract" exclusion. Under the "but for" test, "the injury is only considered to have arisen out of the contractual breach if the injury would not have occurred but for the breach of contract." Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co. , 677 F.3d 250, 256 (5th Cir. 2012).
Applying the "but for" test to the present case, it is necessary to summarize the allegations of the Plaintiffs' petition. In McInnis , supra , the appellate court summarized the allegations of the Plaintiffs' petition in Suit Two-which, save a few words, are essentially verbatim to those in Suit Three-as follows:
Plaintiffs' claims against defendants arose out of an IT professional services contract between ParaTech and the St. Bernard Parish Government that was terminated by an ordinance passed by the St. Bernard Parish Council. The suit alleged specific causes of action against each defendant regarding events surrounding the contract and its eventual termination. First, plaintiffs alleged that the Councilmen were liable for various acts of defamation and conspiracy perpetrated against plaintiffs by the Councilmen as members of the St. Bernard Parish Government and in their own personal and individual capacities. These actions included providing defamatory statements to the press about plaintiffs; conspiring with other parish officials to sign an "illegal contract" with another IT company, Todd's Technology; stating false and misleading "facts" about Mr. Perniciaro to Mr. Cleveland and attempting to persuade Mr. Cleveland to leave ParaTech; and for initiating and/or voting for four "illegal" ordinances terminating ParaTech's contract with St. Bernard Parish, preventing plaintiffs from entering any parish building, and refusing to pay money owed to plaintiffs. As to the St. Bernard Parish Government, plaintiffs alleged that, through its parish councilmembers, employees, directors, officers, and contractors, it defamed and injured plaintiffs though defamatory public statements to the press, as well as through the above-listed actions of the Councilmen. The petition also alleged that RSUI was liable because it provided a policy of liability insurance to the St. Bernard Parish Government.
16-740 at pp. 1-2, 222 So.3d at 988-89. The above synopsis of the Plaintiffs' allegations supports the trial court's finding that all of the Plaintiffs' claims would not have arisen but for the SBPG's termination of the IT Contract.
"Crucial to the ['but for'] analysis is that the act giving rise to liability, i.e., the ('operative act'), is determinative, not the theories of liability alleged." In re Delta Fin. Corp. , 398 B.R. 382, 397 (Bankr. D. Del. 2008). Here, the operative act is the SBPG's termination of the IT Contract. All of the Plaintiffs' claims, no matter how labeled, flow from that operative act.
In its oral reasons for judgment, the trial court stated that "it's all one story. The story is St. Bernard Parish Government, in the beginning, identified as that and then, later, by individual councilmen was interested and made a sincere effort and succeeded in terminating the relationship between Parish Government and ParaTech and Mr. Perniciaro." I agree. Given that none of the Plaintiffs' claims flow from a duty owed to them stemming from any source other than SBPG's termination of the IT Contract, none of the Plaintiffs'
*1239 claims would have arisen but for this story-this operative act. For these reasons, the Parish's argument regarding non-contractual claims is unpersuasive.
The "Catch-All" Claim
The Parish's final argument is that the trial court erred in ignoring the "catch-all" claim in the Plaintiffs' petition, which alleges that "[a]ny and all other negligent and/or intentional acts ... which will be proven or identified through discovery." RSUI counters that the "catch-all" claim is insufficient to impose liability because, under Louisiana's fact-pleading system, a petition must allege with specificity the facts supporting each cause of action.
Under Louisiana's fact-pleading system, a petition must set forth the material facts upon which a cause of action is based. Batson v. Cherokee Beach & Campgrounds, Inc. , 428 So.2d 991, 993 (La. App. 1st Cir. 1983) (citing La. C.C.P. art. 891(A) ). "Mere allegations of negligence are not allegations of fact which must be accepted as true, but are conclusions of law." Batson , supra. Mere allegations of negligence "cannot form the basis of a cause of action, which under our system of fact pleading must be based on facts from which such conclusions may be drawn." Id.
Consistent with the fact-pleading requirement, the jurisprudence has recognized that a "catch-all" claim is insufficient to preclude summary judgment. See Ebarb v. Boswell , 51,445, p. 7 (La. App. 2 Cir. 7/19/17), 224 So.3d 523, 528 (observing that "[i]nsurance coverage in this matter is not salvaged by Ebarb pleading that Bowell is liable for '[o]ther improper/negligent acts as may be proven at trial' ");. Chalmers v. Burnett & Co., Inc. , 15-249, p. 7 (La. App. 3 Cir. 10/7/15), 175 So.3d 1100, 1104 (rejecting the argument that an "other relief" allegation precluded a finding that coverage was not unambiguously excluded). Simply stated, a "catch-all" claim is insufficient because it alleges "[n]o new facts." Chambers , supra. Only those claims that a plaintiff has asserted and supported with specific factual averments are sufficient to defeat summary judgment. The Parish's reliance on the "catch-all" claim in the Plaintiffs' petition thus is misplaced.
For all the above reasons, I respectfully concur.

2018 WL 992322.

The Supreme Court denied writs in this case. Plaia v. Stewart Enterprises, Inc. , 2016-2264 (La. 2/3/17), 215 So.3d 692 ; 2016-2261 (La. 2/3/17), 215 So.3d 698 ; and 2016-2258 (La. 2/3/17), 215 So.3d 699.

The Parish sets forth possible non-breach of contract claims that Plaintiffs' could assert:
(1) "preventing [Plaintiffs] from entering any public building in the parish" was in violation of the Plaintiffs' "civil rights and due process rights under Louisiana law";
(2) "[C]ouncil Members 'passed ordinances to mandate that the Parish President terminate the professional services contract with ParaTech and to defund the entire parish IT department";
(3) "[C]ouncil Member Ray Lauga, Jr. acted to 'undermine the success' of Plaintiffs for personal gain";
(4) "[P]arish's attorney had the Parish sign an IT contract with a third-party contractor";
(5) "[C]ouncil Member Ray Lauga, Jr. allegedly made statements about helping an owner of ParaTech start a new company' ";
(6) A Council member made a statement that "ParaTech was given a 'sweet heart deal' in receiving the contract"; and
(7) The Parish's handling of business "through a personal email server and a personal email account, instead of through the parish IT network, was unsafe and likely illegal under the Louisiana Public Records Laws."

In Tuban Petroleum, L.L.C. v. SIARC, Inc. , 2009-0302, p. 4 (La. App. 4 Cir. 4/15/09), 11 So.3d 519, 522 (quoting Montalvo v. Sondes , 93-2813 (La. 5/23/94), 637 So.2d 127, 131 ), this Court explained that "Louisiana utilizes fact pleading, which means that the 'mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action.' "

The United State Fifth Circuit explained that this is referred to as an "Erie guess": "When making an Erie guess, our task is to attempt to predict state law, not to create or modify it." Looney Ricks Kiss Architects, Inc. , 677 F.3d at 256 (quoting SMI Owen Steel Co. v. Marsh USA, Inc., 520 F.3d 432, 442 (5th Cir.2008) (internal quotation marks omitted).

In Looney Ricks Kiss Architects, Inc. , 677 F.3d 250, the plaintiff, an architecture firm, brought an action for copyright infringement against a former client, Steve Bryan, and his affiliated building companies. The plaintiff created a design known as the Island Park Apartments which was constructed by companies associated with Steve Bryan. The plaintiff and Island Park, LLC, as represented by Mr. Bryan, in 1996, entered into a Standard Form of Agreement Between Owner and Architect wherein the plaintiff "retain[ed] all common law, statutory, and other reserved rights, including the copyright" and the "Technical Drawings or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others." Id. at 253-54 (emphasis in the original). The plaintiff registered the Island Park Apartments with the United States Copyright Office as an Architectural Work and Technical Drawings. The suit arose when Cypress Lake Development, a company associated with Bryan, applied for and obtained permits to construct the Cypress Lake Apartments in Baton Rouge, Louisiana; the plaintiff alleged that these apartments infringed on its copyrighted work without his consent or permission. The district granted a summary judgment, in part, in favor of the defendants' insurers finding no coverage under the insurance policy for breach of contract. On appeal, the United States Fifth Circuit, applying the "but for" test, reversed the district court and held that "[a]s [the plaintiffs] claim for relief under the federal copyright laws would exist even in the absence of its 1996 Agreement with Bryan, the 'breach of contract' provisions of the relevant insurance policies do not apply to preclude coverage ...." Id. , 677 F.3d at 257.

The district court granted summary judgment as to the contractor's insurance carrier finding the policy provided no coverage for the tort claims alleged in plaintiffs' petition, and the insurance company had no duty to defend the contractor against those claims. Everett, 2008-2270, p. 2 (La. App. 1 Cir. 5/8/09), 13 So.3d at 617-618.

The Parish argues, in its reply brief, that that the breach of contract exclusion does not apply to the Council Members, and Messrs. Perniciaro and Cleveland because they were not a party to the contract-just the SBPG and ParaTech. The Parish did not raise this argument in its opposition to the summary judgment or at the hearing on the motion. In Nixon v. K & B, Inc. , 93-2055, pp. 3-4 (La. App. 4 Cir. 1/19/95), 649 So.2d 1087, 1089, this Court held:
An issue not raised in pleadings or in a motion for summary judgment in the Court below cannot be raised for the first time on appeal. Uniform Rules, Courts of Appeal, Rule 1-3, Poirier v. National Union Fire Insurance Company, 517 So.2d 225 (La. App. 1st Cir.1987) ; Lusk v. Aetna Casualty & Surety Company , 295 So.2d 238 (La. App. 3d Cir.1974).
As this issue was raised for the first time on appeal, it is not properly before this court.
Moreover, the undisputed material facts indicate the Council Members, acting in their capacity of the SBPG, took actions which impacted the contract between ParaTech and the SBPG, and the duty owed to Messers. Perniciaro and Cleveland by the Parish emanated from the contract.

In its oral reasons, the district court concluded all the claims made by the Plaintiffs had to do with "the efforts of St. Bernard Parish Government to disassociate itself, terminate the contract, get way from, kick out of the building Mr. Perniciaro, his companies."

In its oral reasons, the district court found the defamation claims and anything arising out of the defamation claims were excluded by the defamation exclusion, and the mental anguish claims were excluded by the mental anguish, emotional distress exclusion.

In Kennedy v. Sheriff of E. Baton Rouge , 2005-1418, p. 5 (La. 7/10/06), 935 So.2d 669, 674-75, (citations omitted), the Supreme Court explained there are two forms of defamatory words: those that are defamatory per se and those that are susceptible of a defamatory meaning.

Because the Plaintiffs' claims are excluded from coverage, the remaining claims-whether the claims fell within the applicable time period of the policy to trigger coverage and the alleged violation of Article 966(f) -need not be addressed; and these claims are pretermitted.

The plaintiffs are ParaTech and its individual owners and members, Richard Perniciaro and Robert Cleveland (collective "the Plaintiffs").

As the majority observes, the trial court's interlocutory ruling on the Discovery Issue is properly before us on appeal. See Favrot v. Favrot , 2010-0986, p. 2 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102, n. 1 (observing that "[i]t is well-settled that although an interlocutory judgment may not itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case which is appealable").

The media defendants are the Times Picayune, LLC ("the Times Picayune"); and Benjamin Alexander-Bloch, a reporter for the Times Picayune.

The media defendants are not parties to this appeal.

Suit One is still pending; Suit Two was dismissed on a declinatory exception of improper venue. The judgment dismissing Suit Two was affirmed on appeal. Perniciaro v. McInnis , 16-740 (La. App. 5 Cir. 5/31/17), 222 So.3d 987.