# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20030

———————

CHAMPIONX CORPORATION,

*Plaintiff—Appellant*,

*versus*

AIG INSURANCE COMPANY OF CANADA; THE INSURANCE
COMPANY OF THE STATE OF PENNSYLVANIA,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3190

———————————————————————

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.
PER CURIAM:[*]

ChampionX Corporation appeals the grant of summary judgment in favor of defendants AIG Insurance Company of Canada and The Insurance Company of the State of Pennsylvania.  Because ChampionX does not have contractual standing and the district court did not explain why the plaintiffs

—————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20030

that ChampionX seeks to add do not, we AFFIRM in part and VACATE and REMAND in part.

I

The two defendants in this case issued three successive, year-long commercial general-liability policies to Ecolab Inc., which together provided coverage to the company between December 31, 2017, and December 31, 2020. The policies contained a broad-form named-insured endorsement stating that the policies covered any subsidiary, associated, affiliated, allied, or acquired company or corporation of which Ecolab had more than a 50% ownership interest.

Through a series of complex transactions and mergers in 2019 and 2020, ChampionX obtained ownership of several subsidiaries of Ecolab. These corporate entities included ChampionX Holding, Inc., and Nalco Champion, which later became ChampionX Canada ULC. ChampionX asserts that as part of these transactions and agreements, it acquired the rights "to or under" Ecolab's insurance policies with ICSOP and AIG.

On June 4, 2020, Highwood Oil Company Ltd. initiated suit in Alberta, Canada, against "Nalco Champion[,] an Ecolab Company[;] Ecolab[;] Nalco Canada ULC[;] and ChampionX Canada ULC (collectively 'Nalco')" alleging negligence, breach of contract, and negligent misrepresentation. Highwood's complaint alleged that, in February 2018, Nalco provided a report advising Highwood that it had conducted a Pipeline Risk/Probability Assessment for various Highwood pipelines and determined that the corrosion probability was low. Nevertheless, in July 2018, Highwood discovered an oil-emulsion release arising from several failures of one of the pipelines included in the report, which it maintains was caused by internal corrosion.

2

No. 25-20030

ChampionX Corporation filed a notice of loss to ICSOP and AIG in July 2020. ICSOP and AIG denied the claim, responding that "there [wa]s no coverage under the Policies available to Ecolab and the other defendants for the damages" alleged in the Highwood lawsuit.

Following the denial of coverage, ChampionX sued ICSOP and AIG in Texas state court. ChampionX alleged breach of contract, bad faith, and violations of the Texas Insurance Code. It sought declaratory judgment that the defendants must defend and indemnify ChampionX in the Highwood lawsuit and that they wrongfully denied coverage under the policies.[1] ICSOP filed its answer, a general denial, in state court. It then removed the case to federal court invoking the federal court's diversity jurisdiction under 28 U.S.C. § 1332.

Before AIG had been properly served, ChampionX moved for partial summary judgment against ICSOP. In its response, ICSOP argued that ChampionX lacked contractual standing. The court agreed with ICSOP and denied ChampionX's motion for partial summary judgment.

ChampionX then moved for leave to amend its pleadings to join new plaintiffs to attempt to cure the contractual standing issue.[2] AIG and ICSOP did not oppose the substance of the amendments, but they did oppose the addition of new plaintiffs. The district court allowed ChampionX to amend its pleadings but denied leave to join additional plaintiffs, stating that doing so would be futile. ChampionX moved for leave to file an amended complaint a second time, amending the substance of the factual allegations and again

---

[1] ChampionX later dropped the bad faith and Texas Insurance Code claims.

[2] This was after the deadline to amend pleadings and to add additional parties, per the scheduling order.

attempting to join ChampionX Canada as a plaintiff. The district court denied the motion.

In the meantime, the parties cross-moved for summary judgment. The district court granted summary judgment for the defendants, finding that ChampionX lacked contractual standing, denied summary judgment for ChampionX, and entered final judgment. ChampionX timely appealed.

## II

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Generally, we review the denial of a motion to amend a complaint for abuse of discretion. *E.g.*, *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008). When the denial is based solely on futility, however, this court applies a *de novo* standard of review "identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citing *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010)). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Id.* at 152–53 (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007)).

No. 25-20030

III

ChampionX asserts that the district court erred in granting summary judgment to the defendants and in denying its motion for leave to amend to add new plaintiffs.  We address each in turn.

A

The district court granted summary judgment for the defendants on the ground that ChampionX lacks standing to sue as a non-party to the underlying insurance contracts with ICSOP and AIG.  On appeal, ChampionX does not dispute that it lacks a direct contractual relationship with AIG and ICSOP under the relevant policies.  Instead, it argues that it retains standing to pursue declaratory relief as an interested party.[3]  This argument fails.

Both the federal Declaratory Judgment Act and the Texas Declaratory Judgment Act permit an "interested" party to obtain a declaration of rights, status, or other legal relations under a contract.  *See* 28 U.S.C. § 2201; Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a).  Although declaratory relief is

───────────────

[3] ChampionX also argues that the district court erred in considering ICSOP's contractual standing argument because, in ChampionX's view, that argument was "waived" by ICSOP's failure to plead it as an affirmative defense in its initial answer.  By "waived," ChampionX means to assert that ICSOP "forfeited" its contractual standing defense.  *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))).  However, ChampionX never briefed this argument before the district court and raised it for the first time orally at a motion hearing.  The district court therefore correctly concluded that ChampionX forfeited its own waiver argument.  *See Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 630 n.11 (5th Cir. 2021) ("An argument raised for the first time at oral argument is forfeited." (first citing *Vargas v. Lee*, 317 F.3d 498, 503 n.6 (5th Cir. 2003); and then citing *Ocwen Loan Servicing, L.L.C. v. Moss*, 628 F. App'x 327, 328 (5th Cir. 2016)).  What is more, the district court explained that ICSOP did not forfeit its affirmative defense because it asserted it in its "first pleading responsive to the substance of the allegations."

normally limited to the named parties in privity under a contract, we have also concluded that injured third parties have standing to seek declaratory judgment that an insurer owes a duty to defend its insured. *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co.*, 677 F.3d 250, 257 n.5 (5th Cir. 2012); *see also Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B Sept. 1981) ("[P]otential judgment creditors claiming liability in a state court tort suit against the putative insured[] have standing to appeal the judicial declaration that the policy of insurance issued by Dairyland does not cover the putative insured.").

ChampionX argues that it qualifies as an interested party to the relevant insurance policies because—like an injured third party—it has suffered financial losses from its defense of the Highwood lawsuit as a parent company. It argues that the district court's determination that it had Article III standing to pursue its claims, is inconsistent with the conclusion that it does not have standing to seek standalone declaratory relief.

ChampionX misreads the relevant standard for an interested party. Related financial losses do not suffice to create standing for declaratory relief; instead, we look to whether a party has any rights and legal relations under the contract. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602–03 (5th Cir. 2000). While an injured third party may have a right as beneficiary to the terms of an insurance contract, *Looney Ricks*, 677 F.3d at 257 n.5, a parent company has no comparable legal relationship to the contracts entered by its subsidiaries. *See Cooper Indus.*, *LLC v. Am. Intern. Specialty Lines Ins. Co.*, 273 Fed. App'x 297, 306 (5th Cir. 2008) (citation omitted). The district court correctly determined that ChampionX has no standing to pursue declaratory relief for the simple reason that ChampionX has no "rights or legal relations" to declare under the contract. Therefore, the district court did not err in granting summary judgment as to ChampionX's claims.

6

B

ChampionX further argues that the district court erred in denying it leave to join Nalco Champion, Nalco Canada ULC, and ChampionX Canada ULC as additional plaintiffs in the first amended complaint, and "EcoLab Co. and/or Ecolab Inc." in the second amended complaint. In addition to joining the new plaintiffs, ChampionX's proposed amended complaints allege that that the defendants issued the insurance policies to Ecolab, that the other plaintiffs were named parties to the Highwood lawsuit, and that ChampionX Canada ULC specifically was a wholly owned subsidiary of Ecolab at the time of the events underlying the Highwood lawsuit and thus is covered by the relevant insurance policies. The district court denied leave to amend solely on the basis that adding the proposed plaintiffs would be futile under Federal Rule of Civil Procedure 15 but did not articulate its reasoning.

We consider amendments futile if "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)). Although a district court's denial of a motion to amend is generally reviewed for abuse of discretion, the standard of review is *de novo* where the district court's denial of leave was based solely on futility. *Id.*; *see also Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (stating that when denial is based on futility, review is evaluated "under the same standards as a dismissal under Rule 12(b)(6)" (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016))). For the addition of the proposed plaintiffs to be futile, then, it must be "'beyond doubt that the plaintiffs can prove no set of facts' that would overcome" the lack-of-contractual-standing defense, or "otherwise entitle them to relief." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quoting *Garrett v. Commonwealth Morg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991)).

On appeal, the defendants fail to justify the district court's bare finding of futility. Both in their briefing and at oral argument, they did not dispute that the additional plaintiffs could have contractual standing to bring the pleaded claims as parties to the insurance policies and defendants in the underlying Highwood lawsuit. Nor do the defendants offer any other viable alternative argument in support of the district court's denial of leave to amend. Instead, the defendants only assert that the addition of plaintiffs able to enforce the insurance policies would not cure ChampionX's lack of standing. However, an amendment is futile only when the "amended complaint would fail to state a claim upon which relief could be granted," not when the amendment fails to allow the original plaintiff to state a claim. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Rule 15 permits the substitution of viable parties for nonviable ones. 6 Wright & Miller's Federal Practice & Procedure § 1474 (3d. 2026); *e.g.*, *Wilger v. Dept. of Pensions and Sec. for State of Ala.*, 593 F.2d 12 (5th Cir. 1979) (allowing plaintiffs to add defendants that could not assert state sovereign immunity); *Slaughter v. S. Talc Co.*, 949 F.2d 167, 174–75 (5th Cir. 1991) (permitting widows to substitute themselves individually for their deceased husbands in products liability case). Consequently, the defendants fail to show that the amendment joining the proposed plaintiffs would be futile.

The defendants assert that ChampionX failed to show good cause to join additional parties after the scheduling order deadline, as Federal Rule of Civil Procedure 16(b)(4) requires. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent. But the district court never reached this issue when it denied ChampionX's motion, and we will not reach it for the first time on review. *See Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) ("As a well-established general rule, this court 'will not reach the merits of an issue

not considered by the district court.'" (quoting *Baker v. Bell*, 630 F.2d 1046, 1055 (5th Cir. 1980)).

IV

Accordingly, we AFFIRM the district court's grant of summary judgment.

We VACATE the district court's denial of ChampionX's motion for leave to amend. We REMAND this case to the district court to allow ChampionX the opportunity to seek leave to file an amended complaint that includes the additional parties. The district court can then determine the appropriateness of the proposed amended complaint.